IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                           )
                                     )
JASON ROACH AND NELLY ROACH,   )     Case No. 08-20667
                                     )
Debtors.            )

## <u>MEMORANDUM OPINION</u>

Creditor/Lessor Cherry Street Building, L.L.C. ("Creditor") filed an Application for an Administrative Expense Claim pursuant to § 365(d)(3). Creditor also filed an Objection to Confirmation of Debtors' Amended Chapter 13 Plan which the Court took under advisement along with the Application. Debtors Jason and Nelly Roach ("Debtors") objected to the Application and asserted that Creditor's claim should be denied based on the plain language of §§ 348(c) and 365(d)(3). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Creditor's administrative expense claim pursuant to § 365(d)(3) is denied and its objection to confirmation is overruled.

## I. FACTUAL BACKGROUND

In January 2004, Debtor Jason Roach entered into a lease for non-residential real property located in Columbia, Missouri (the "Lease"). On April 15, 2008, Debtors filed a bankruptcy petition under Chapter 7. On the filing date, the Lease was unexpired. Pursuant to 11 U.S.C. § 365(d)(4)(A)(I), the Chapter 7 Trustee must assume or reject an unexpired lease within 120 days of the petition date or the lease will be deemed rejected. In this case, the

Chapter 7 Trustee did neither, so the Lease was deemed rejected on August 13, 2008.

On August 19, 2008, the case was converted to a proceeding under Chapter 13.  On August 25, 2008, Creditor filed an Application for Administrative Expense Claim pursuant to § 365(d)(3) for the rent that accrued from the petition date through the rejection date.  On September 15, Debtors filed a Response to Application for Administrative Expense Claim.  In their Response, Debtors argued that  § 348(c) precludes the administrative expense claim.  They also asserted that Creditor lacked standing because it had not filed a proof of claim in the case and that it would be inequitable to allow an administrative expense claim because Debtors had no control over whether or not the Chapter 7 Trustee rejected or assumed the Lease.  On October 27, 2008, Creditor also filed an Objection to Confirmation of Debtors' Amended Chapter 13 Plan because the plan did not list Creditor as an administrative expense claimant or propose to make any distribution to Creditor.  The Court took the Objection to Confirmation under advisement along with the Application for Administrative Expenses.

## II.  DISCUSSION

Creditor asserts its administrative claim under § 365(d)(3), which provides in pertinent part:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

Section 503(b)(1)(A) provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including-
>     (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case,....

2

The majority of cases hold that a lessor is entitled to an administrative expense for rent due under the lease, notwithstanding the requirement of § 503(b)(1)(A) that, to be accorded administrative expense status, expenses must be actual and necessary costs of preserving the bankruptcy estate. *See In re Schnitz*, 293 B.R. 7, 9 (Bankr. W.D. Mo. 2003). The courts have generally found that those sections together evidence an intent that the lessors of nonresidential property should receive the rent provided for in the lease until the lease is rejected as an administrative expense. *Id.*

However, as Debtors assert, the Court must look at the effect of § 348 in this case. Section 348 deals with conversion and states in relevant part:

> (c) Sections 342 and 365(d) of this title apply in a case that has been converted under section 706, 1112, 1208, or 1307 of this title, as if the conversion order were the order for relief.
>
> (d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

The effect of § 348(c) is to render administrative priority claims as non-priority, unsecured claims after conversion. However, in certain situations, § 348(d) preserves the administrative claim that arose prior to conversion. Here, the problem presented to the Court is that § 348 is silent as to the treatment of debts that were incurred after a Chapter 7 petition was filed but before conversion to Chapter 13. The cases cited by Creditor in its Application and brief are similarly distinguishable from the issue at hand. In *In re Tandem Group, Inc.*, 61 B.R. 738 (Bankr. C.D. Cal. 1986), the court determined that § 348(c) does not reset the clock to

3

assume or reject an unexpired lease upon conversion[1] and, although it did determine that the rental arrears maintained their administrative priority status, it did so in the context of a conversion from Chapter 13 to Chapter 7 and applying § 726(b).  *See also, In re Maralak, Ltd.*, 104 B.R. 446 (Bankr. M.D. Fla. 1989) (conversion from Chapter 11 to Chapter 7).  Likewise, *In re Babbs,* 265 B.R. 35 (Bankr. S.D.N.Y. 2001), involved a conversion from Chapter 13 to Chapter 7 and the applicability of § 348(d), which is not applicable in the case at hand. Those cases all deal with conversions that fall under the direction of  §348(d).  This Court has been unable to locate any cases dealing with the issue of post-petition, pre-conversion rental arrears in a Chapter 7 to Chapter 13 conversion.  Thus, it will analyze the statutory language to determine the proper treatment of such a claim.

"[A] court's primary objective is to ascertain the intent of the legislature by looking at the language of the statute itself and giving it its plain, ordinary and commonly understood meaning." *In re M & S Grading, Inc.*, 457 F.3d 898, 901 (8th Cir. 2006) (citing *Johnson v. Methorst*, 110 F.3d 1313, 1315 (8th Cir. 1997). Where a statute's language is clear, the Court's obligation is to apply it according to its terms, unless such a literal application would produce an absurd result or one demonstrably at odds with the intent of the drafters. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000); *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242 (1989).  An interpretation is absurd if "it is so gross as to shock the general moral or common sense." *Barnhart v. Sigmon Coal Co., Inc.,* 534 U.S. 438, 450 (2002) *quoting Maryland Dept. of Ed. v. Dept. of Veterans Affairs*, 98 F.3d 165, 169 (4th Cir. 1996).  The fact that the statute might result in a harsh result when subjected to a plain meaning interpretation does not necessarily mean

---

[1] Debtors agree with this proposition in their brief.

4

that it is absurd. *Lamie v. United States Trustee*, 540 U.S. 526, 538 (2004). In determining whether the plain meaning interpretation produces a result demonstrably at odds with the intent of Congress, the court may consider conflicts with other Code sections, state or federal interests, policy and judicial doctrine established under prior law. *Ron Pair*, 489 U.S. at 243. When Congress uses particular language in one section of a statute, but omits it in another, the Court may infer that different results are intended. *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537 (1994).

Based on the plain language of § 348(d), the legislature did not intend to include §706 and apply to conversions from Chapter 7. Because the legislature included § 706 in §348(c), it was clearly capable of including it in other sections if it had so intended. Thus, the sections that do apply to a conversion from Chapter 7 to Chapter 13 in this context are §§ 348(c) and 365(d)(3). As Debtors pointed out in their brief, applying the language of §348(c) to § 365(d)(3) yields a result that cannot lend itself to an administrative expense claim. By the plain language of these two statutes, the order for relief (the conversion date, August 19, 2008) would be subsequent to the rejection date (August 13, 2008). Accordingly, the interplay of these two sections, by their plain language does not allow for an administrative expense claim. This does not necessarily produce an absurd result as the legislature may have had the intent to promote the policy of not burdening a debtor that chooses not to liquidate with priority claims that would take away from other creditors in the new Chapter 13 plan. Also as a matter of policy, an allowed administrative expense in this type of case may prevent a debtor from confirming a Chapter 13 plan because the administrative claim may be so large that to pay it over the life of the plan would render the plan infeasible. Additionally, as Debtors noted, it may be unfair for a debtor to suffer the fate of his plan being unconfirmable due to an administrative expense claim that he had no control over at its creation. At the time a lease is rejected by a Chapter 7 Trustee through inaction during a prior Chapter 7 case, a debtor has no

5

control of the estate and therefore, no control over the creation of the administrative claim.

Based on the above finding, the Court need not rule on the inequity of allowing Creditor an administrative expense claim under § 365. Debtor cited no authority in its pleading or post-trial submission to support that Creditor does not have standing in the case because it has not filed a proof of claim. The Court overrules this specific objection. Creditor notes that a bar date has been set of January 12, 2009, so that it would still have time to file a proof of claim if necessary. Further, the proper way to assert an administrative claim is to file an application, not a proof of claim, which procedurally Creditor did. *See* § 503(a).

### IV. CONCLUSION

For all of the above reasons, the Court denies Creditor's Application for an Administrative Expense Claim and overrules Creditor's Objection to Confirmation of Debtors' Amended Chapter 13 Plan.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated: <u>December 23, 2008</u>          /s/ Dennis R. Dow

THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Bryan C. Bacon
J. Brian Baehr